■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH BRONTE, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered November 8, 1973, convicting him of criminal solicitation in the first degree and possession of weapons and dangerous instruments and appliances, as a felony, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. The facts have not been considered. At defendant's trial, for possession of a weapon as a felony and for solicitation of another to murder three persons, two of whom were New York City police detectives, one of the detectives testified on cross-examination that, pursuant to a search warrant issued in connection with a homicide in which defendant was not a suspect, he caused the basement of defendant's bar to be dug. When this detective was asked by defendant's counsel to produce a copy of the warrant, the trial court suggested that the

warrant had issued "to see if maybe some other bodies were lying there". The court's statement, made in the jury's presence during a colloquy between the court and defendant's counsel concerning the relevancy of the warrant and its execution, left the jury to speculate over the facts that had moved the warrant-issuing court to conclude that "other bodies" might be lying under defendant's basement floor. Only substantial prejudice could have accrued to defendant, particularly as the central crime charged was the soliciting of another to murder three persons. Hence, defendant's prompt motion for a mistrial should have been granted. Further, the People were allowed to prove through their witness, Robinson, that Brown, the person allegedly solicited by defendant to commit the murders, had asked defendant "if he knew how to dispose of the hot money", that defendant had replied that "the godfather would know how to dispose of it" and that defendant had said to Brown that after one of the murders Brown was to go to a room in "Vegas" and wait there until defendant would communicate with him, and that "the hot money would be taken care of after that." Proof of these statements incriminated defendant with respect to an uncharged crime and was evidence only of defendant's criminal propensity, and therefore constituted reversible error (*People* v. *Fiore*, 34 N Y 2d 81). Christ, Benjamin and Munder, JJ., concur; Latham, Acting P. J., and Brennan, J., dissent and vote to affirm.